Duncan, J.
This is a case in mandamus, brought on relation of James C. Donnell eft al, as members of the board of commissioners of the sinking fund of the Findlay School District of the City of Findlay, Ohio, against the Boa-rd of Education of the City of Findlay, its president and its treasurer, to- require them to turn over to relators as such board -of sinking fund commissioners, *402 the money levied, 'collected and no-w in the sinking fund, amounting -to the sum of $9,100.65, for extinguishing of all the bonded indebtedness of said Findlay School District.
The relators say that they have no money now on hand, and that certain of the bonds of said school district are about to mature, as well as the interest on a bonded indebtedness of $200,000, and that they will need all of said money for the purpose of paying said maturing interest and bonds, and that it will be necessary to have the management and control of said monies to the end that said interest and bonds may be p:aid and that the surplus, if any, may be invested as required by the statute in such case.
They say that in order to have the management and control of said fúnd as contemplated by the statute, and to enable them to discharge their duties as such board, it will be necessary to have said money transferred to them, but that respondents refuse to recognize their rights, duties and obligations, and have refused to so transfer said money, although they have made a written requisition upon respondents therefor.
.A general demurrer is filed to this petition. This raises the question whether as a legal right the boiard of ‘ sinking fund commissioners appointed under the provisions of Section 3970-1, Revised Statutes (97 O. L., 352), are entitled to the possession of this money :and at such time or times as they deem it necessary or convenient to properly perform their incumbent duties'.
This involves a construction of Sections 3970-1, 3970-2, 3970-3 and 3970-4 of the Revised’ Statutes, 'as found in 97 O. L., 352.
Reading these sections in their order, it will be observed that the board of education is required to “provide a sinking fund for the extinguishment of all the bonded indebtedness,” and to that end ‘ ‘ set aside from its revenues a sum equal to not less than one-fortieth of said indebtedness, together with a sum sufficient to pay the annual interest thereon.” The section also provides that said “sinking fund shall be mmaged and conirollel by * * * the board of commissioners of the sinking fund. ’ ’
The statute limits the purpose of such management and control to the extinguishment of said “bonded indebtedness” and to 'Certain investment of surplus funds. The board of educa *403 tion has nothing to do with said fund-, that is, nothing to do or say with its management -and control. No option or discretion is vested in it and no supervisory authority or cheek is delegated to it. And this applies as well to its president, clerk and treasurer. Except for the provisions in Section four. of the act, that “Orders on the sinking fund shall he drawn by the same authority, and in the same manner as orders for the payment of money from the school funds,” I would hold that the board of commissioners of the sinking fund would have power and authority to draw their orders directly on said sinking fund, but such does not seem to be the system provided. The levy is made by the board of education .and the fund is created by the board setting aside a certain portion of the collections made. The money in said fund then becomes available -to the “management and control” of said board of commissioners of the sinking fund, but such “management and control” SO' delegated by said act is qualified by said provision which I quote again: ‘ ‘ Orders on the sinking fund shall be drawn by the same authority and in the same manner as orders for the payment of money from the school funds.” This leads us to- inquire by what authority— and in what amounts'—orders for ¡the payment o-f money are drawn upon the school funds, and 'whatever that is, it is the test which must be applied in tine solution of the question whether or not it is the duty ¡of the board of education to transfer and pay over said fund to the board of' commissioners of the sinking fund. Section 4047, Revised Statutes (97 O. L., 367), provides that “.No treasurer of a school district shall pay out any school money except on an order signed by the president and countersigned by the clerk of the board of education. ’’
It may be said without statutory provision therefor that the president and clerk have no right to- draw their order upon the school funds until the money -is needed by which the order is to be drawn. It is also provided by Section 4055, Revised Statutes, that both clerk and treasurer shall keep an accurate account, not only of the money on hand, but of the money in each fund ¡and the purpose for which any is drawn out. This would seem to require that all orders issued for money should *404 state, not only ont of what fund it should be drawn, but also the purpose for which, and the Bureau of Inspection and Supervision of Public Officers, under authority and direction of Section 181a— 2, Revised Statutes (95 O. L., 512), has prescribed ■the form to be followed in all eases, including the several requirements mentioned.
J. A. & E. V. Bope and John E. Priddy, for relators.
Reed Meizler, City Solicitor, for respondents.
It is also provided by said act, Section 3970-2, Revised Statutes, that “All interests received from said investments (made by said commission) shall be deposited in the treasury to the credit of said sinking fund, and reinvested in like manner. ’ ’
In the light of .these provisions of the statute and in the absence of some provision .of statute for the transfer or turning over of the sinking fund to this commission, and in the absence of some statutory authority for them to provide a depository for themselves, or even to elect a treasurer, and in the face of ispecifie ¡statutory provision made by Section 3968, Revised Statutes (97 O. L., 351), allowing the board of education to provide a depository by public letting for ‘ ‘ all moneys coming into the -hands of the treasurer of the board.” I think the coneonelusion is irresistible that this sinking fund must remain with the treasurer of the board, of education until paid out upon the order of its president and clerk to the person entitled thereto upon requisition therefor made: by said commission, stating the amount and purpose thereof in each case.
It may be said that this is not the way it is done by the city sinking fund commission, 'and this mlay be true, but the statute in that case is much different from the one-here under consideration. Why it should be is mot a judicial question. It is the duty of the courts in construing statutes to ascertain as near as possible from the statute in question and those having some relation to it, what is the legislative intent and to declare accordingly. This I have tried to do in this ease.
It must therefore follow from what I have said that the demurrer should be sustained.